CASE NO. 22-3462

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

DAVID CIRACI, *et al.*
Plaintiffs-Appellants
v.
J.M. Smucker Company
Defendant-Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---

## BRIEF OF DAVID A. CIRACI, CARLA GROSJEAN, ANDY S. RUEGG, MEGAN L. MORR, AND JOSEPH M. ADAMS PLAINTIFFS-APPELLANTS

---

Warner Mendenhall. 0070165
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com

*Counsel for Plaintiffs-Appellants*

## **FINANCIAL INTEREST DISCLOSURE STATEMENT**

Under 6th Cir. R. 26.1, Plaintiffs-Appellants state that, to the best of their knowledge, there is no publicly owned corporation or affiliate, not a party to this appeal, nor an amicus that has a substantial financial interest in the outcome of this litigation.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................5

STATEMENT IN SUPPORT OF ORAL ARGUMENT ..........................................6

JURISDICTIONAL STATEMENT ...........................................................7

STATEMENT OF THE ISSUES................................................................7

STATEMENT OF THE CASE.................................................................7

SUMMARY OF ARGUMENT ...............................................................12

ARGUMENT ..................................................................................13

DISCUSSION OF THE ISSUE PRESENTED ........................................14

    1.   Whether Employees sufficiently alleged Defendant was a state actor under the Fed. R. Civ. P. 12(b)(6) standard. ..................................................................14

    2.   Whether the District Court applied proper standards in analyzing Employees' Complaint .....................................19

CONCLUSION ................................................................................22

CERTIFICATE OF COMPLIANCE.........................................................23

CERTIFICATE OF SERVICE ..............................................................23

ADDENDUM OF RELEVANT DOCUMENTS ....................................24

# TABLE OF AUTHORITIES

## Cases

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)........................................ 17, 19

*Amick v. Ohio Dept. of Rehab. & Correction*, 521 Fed. Appx. 354
   (6th Cir. 2013) ...................................................................... 13, 20

*Anderson v. United Airlines, Inc.*, No. 3:21-CV-1050-TJC-LLL,
   2021 WL 6337144 (M.D. Fla. Dec. 30, 2021) ...................................19

*Beckerich v. St. Elizabeth Med. Ctr.*, 563 F. Supp. 3d 633
   (E.D. Ky. 2021), *reconsideration denied,*
   CV 21-105-DLB-EBA, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021)...............20

*Beckerich v. St. Elizabeth Med. Ctr.*, No. CV 21-105-DLBEBA,
   2021 WL 4722915 (E.D. Ky. Sept. 30, 2021)............................................. 19, 20

*Bell A. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................13

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
   531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) ......................... 15, 16

*Burton v. Wilmington Parking Authority,* 365 U.S. 715 (1961).............................16

*Doe v. Steubenville Police Dept.*, 2:16-CV-625, 2017 WL 1551221
   (S.D. Ohio May 1, 2017) ...................................................................15

*Geneva Towers v. Federated Mortgage*, 504 F.2d 483 (9th Cir. 1974) .................16

*Georgia v. Biden*, 574 F. Supp. 3d 1337 (S.D. Ga. 2021) ................................ 14, 21

*Kentucky v. Biden*, 23 F.4th 585 (6th Cir. 2022) .............................................. 14, 21

*Kentucky v. Biden*, 571 F. Supp. 3d 715 (E.D. Ky. 2021) ................................ 14, 21

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) .........................................16

*Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co., Inc.*,
   780 F. App'x 197 (6th Cir. 2019) ..........................................................15

*Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608
  (6th Cir. 2018) ...................................................................................15

*Trump v. Twitter Inc.*, 21-CV-08378-JD, 2022 WL 1443233
  (N.D. Cal. May 6, 2022).................................................................. 15, 17

*U.S. ex rel. Sheldon v. Kettering Health Network,* 816 F. 3d 399 (2016) ...............13

## Statutes

21 U.S.C. § 360bbb-3 ...............................................................................8

28 U.S.C. § 1343 ......................................................................................7

28 U.S.C. §1331 .......................................................................................7

42 U.S.C. § 2000e-5(f)(3) ..........................................................................7

## Rules

Fed. R. Civ. P. 12(b)(6).............................................. 6, 7, 8, 12, 13, 14

Fed. R. Civ. P. 54(b) .................................................................................7

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiffs-Appellants respectfully request oral argument in this matter because it involves an issue of national importance. Private employers nationwide implemented Covid-19 vaccine mandates under federal government compulsion via one or several of the various executive orders requiring private employers to implement a mandate. Private employers such as Smucker who receive large government contracts have virtually no choice but to mandate vaccination when faced with the threat of losing all government contracts. Thus, government action is fairly attributable to Smucker, and Smucker, as well as any other private employer who acts similarly, is a state actor who may be held liable for violating its employees' constitutional rights when implementing the mandate. Regardless, it is not proper for a trial court to determine via Fed. R. Civ. P. 12(b)(6) that, when provided with evidence such as a letter from a company executive admitting the vaccine mandate was a direct result of executive orders, the complaint failed to plausibly allege Smucker was compelled by the federal government to implement the mandate.

Oral argument will aid in exploring these issues beyond arguments in briefing, and for that reason Plaintiffs-Appellants request the same.

## JURISDICTIONAL STATEMENT

The District Court exercised subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3). On April 20, 2022, the District Court dismissed Plaintiffs' Complaint. This appeal was timely filed on May 17, 2022. Plaintiffs-Appellants appeal the order that directed entry of a final judgment under Fed. R. Civ. P. 54(b), which disposed of Plaintiffs' claims.

## STATEMENT OF THE ISSUES

1. Whether the Employees sufficiently alleged Defendant was a state actor under the Fed. R. Civ. P. 12(b)(6) standard.

2. Whether the District Court applied proper standards in analyzing the Employees' Complaint.

## STATEMENT OF THE CASE

### A. Procedural History

On December 15, 2021, seven employees sued Defendant alleging Defendant was a state actor for purposes of mandating the Covid vaccine, and that, as a state actor, Defendant violated their rights under the Free Exercise Clause of the First Amendment to the United States Constitution by failing to grant reasonable accommodations due to their sincerely held religious beliefs.[1] See Complaint, R. 1 through 1-5, PageID # 1-44. Employees asserted additional claims for religious

---

[1]    For purposes of this Brief, Plaintiffs-Appellants, five of the seven employees named in the Complaint, will be referred to as the "Employees" per F.R.A.P. 28(d).

discrimination under Title VII of the Civil Rights Act, the Declaratory Judgment Act, and 21 U.S.C. § 360bbb-3 (the "EUA Statute"). Id. On December 20, 2021, Defendant moved to dismiss the Complaint. See Motion to Dismiss, R. 14, PageID # 133-56. On January 19, 2022, Plaintiffs-Appellants and the two other Plaintiffs opposed the motion on the Free Exercise claim, but conceded that the pendency of EEOC actions divested the District Court of jurisdiction on the Title VII claims until the end of the EEOC process. See Opposition to Motion to Dismiss, R. 18, PageID # 166-174. They also conceded that, upon consideration of recent court decisions, the claims under the EUA should be dismissed. Id. Thus, the only remaining consideration was whether Employees sufficiently pled Defendant was a state actor such that the Complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6).

On April 20, 2022, the District Court granted Defendant's motion to dismiss, reasoning that Employees' allegations were conclusory and that Employees failed to plead facts plausibly alleging Defendant was a state actor for purposes of the First Amendment claim. Order, R. 21, PageID # 188-192.

### B. Facts

The facts relevant to the state actor analysis as pled are in Paragraphs 7 through 9 and Exhibits 1 and 2 of the Complaint. See Complaint, R. 1, PageID # 3; Exhibit 1, R. 1-1, PageID # 22-23; Exhibit 2, R. 1-2, PageID # 24-26.

On September 9, 2021, President Biden issued Executive Order 14042 (the "Order"). Complaint, R. 1, PageID # 2. The Order required that all contracts with the Federal Government, and those of subcontractors, include a clause requiring compliance with the Safer Federal Workforce Task Force (the "Task Force") guidance regarding Covid-19 safeguards. Id. On September 10, the day after the Order issued, Smucker issued a statement to its employees that it expected them to be vaccinated, and that Smucker "plans to comply with federal requirements which will apply to U.S. employers of 100 people or more as well as companies, including Smucker, that are federal contractors." Id., PageID # 3; Ex. 1, R. 1-1, PageID # 22. On September 24, 2021, the Task Force issued its guidance. Complaint, R. 1 at PageID # 2.

On October 11, 2021, Mark Smucker issued the following statement to Smucker employees ("Mark Smucker Letter"):

> When we announced our vaccine *expectation* two weeks ago, it was our intent to take things at our own pace; to work together in partnership toward a vaccinated workplace. We knew at the time a mandate was almost certainly on the horizon based on forthcoming federal requirements, but the timeline was uncertain.
>
> Three days after we announced our vaccination plan, on Sept. 24, the federal government released new requirements on COVID-19 workplace safety protocols for federal contractors and subcontractors. Over the last week, our Legal team, in partnership with outside counsel, has pored over the federal order as well as our existing contracts with government entities. Our teams have concluded that under the order's broad definition of federal contractors, the vaccine mandate and other requirements outlined will apply to our Company. Importantly, these

requirements will apply not only to existing contracts, but to any new contract we enter into with a federal agency.

While we had hoped for more time to work through this in partnership with you, due to the deadlines in the federal order coupled with mandates from our own customers and the forthcoming OSHA requirements, we have made the decision to move more quickly toward a vaccine mandate than anticipated. We have also determined requiring vaccines for employees is imperative to ensure the health and safety of employees, customers, visitors and others.

**As a result, all U.S. salaried employees, exempt and non-exempt, including in Corporate, Sales, Remote and Operations, must show proof of vaccination (two shots of Pfizer or Moderna, or a single shot of Johnson & Johnson), or be granted religious or medical exemption by our Company by Dec. 15, 2021. This is no longer an expectation, but a requirement and condition of employment. Employees who do not comply with our Mandatory Vaccination Policy will be separated from the Company Dec. 16, 2021, and will not be eligible for severance.**

Complaint, R. 1, PageID # 3; Ex. 2, R. 1-2, PageID # 24-25 (emphasis in original).

Paragraphs 1 through 48 of the Complaint were incorporated by reference into Count I of the Complaint. Complaint, R. 1, PageID # 9. Employees have sincerely held religious beliefs that prevent them from receiving Covid-19 injections. Id. Employees submitted requests for religious accommodations and were denied. Id. at PageID # 4-5. Further, Defendant failed to provide due consideration to reasonable accommodations for Employees' sincerely held beliefs. Smucker held meetings with each Employee that were religious interrogations rather than an exploration of reasonable accommodations. Id. at PageID # 9-10. Defendant's actions impermissibly burden Employees' sincerely held religious beliefs and their free

exercise of the same, compel Employees to abandon their beliefs or violate them under coercion, and force Employees to choose between their religious convictions and their continued employment. Id. at PageID # 10.

As acknowledged in the "Mark Smucker Letter," Smucker was compelled to change its vaccination "expectation" to a "requirement and condition of employment" due to the federal mandates. See Complaint, R. 1, PageID # 3; Ex. 2, R. 1-2, PageID # 24-25.

The District Court acknowledged only that Employees pled Smucker "acted pursuant to 'policies, practices, customs, and procedures created, adopted, and enforced under color of federal law.'" Opinion, R. 21, PageID # 191. The District Court further stated, "Plaintiffs do not allege that Defendant was compelled to implement the vaccination mandate." Id.; compare Complaint, R. 1, PageID # 3, alleging "[T]he policy was occasioned by the mandates of the Federal Government and the implicit threats that underly those mandates. Thus, the Federal Government's mandates provide such significant encouragement that Defendants' actions regarding the Covid-19 injection mandates and exemptions are deemed in law to be that of the government."; see also Complaint, R. 1, PageID # 3, incorporating the Mark Smucker Letter admitting the vaccination requirement was compelled by the federal mandates.

Summarily, the District Court dismissed the Complaint due to a failure to allege sufficient facts which, presumed in Employees' favor, would plausibly allege Defendant could be treated as a government actor. See Order, R. 21, PageID # 188-192.

## SUMMARY OF ARGUMENT

### I.   The District Court Erred in Finding Employees Failed to Sufficiently Allege Defendant was a State Actor.

Employees plausibly alleged Smucker was a state actor for purposes of Employees' First Amendment Free Exercise claim. The District Court ignored allegations that meet the plausibility standard and erred in dismissing the Complaint under Fed. R. Civ. P. 12(b)(6). Namely, Employees included the "Mark Smucker Letter" to all employees stating Smucker was changing its vaccine "expectation" to a mandate due to the President's Executive Order mandating vaccination for all federal contractors. Defendant's denial of religious exemptions for Employees, and subsequent firing, was due to this change from expectation to mandate occasioned by the Executive Order. Thus, Employees plausibly alleged Defendant was a state actor.

### II.   The District Court Erred by Applying Improper Standards in its Order Dismissing Employees' Complaint.

The District Court relied upon two nonauthoritative cases to justify its decision. In so doing, the District Court appeared to require that something more

than the Executive Order had to be done, for example something at the legislative level. Regardless, decisions from this Court and at least one other District Court strongly suggest that the Executive Order constitutes compulsion to the extent that those implementing it may be deemed state actors. Since the District Court relied upon nonauthoritative and distinguishable cases, it was error to dismiss the Complaint.

## ARGUMENT

### A. Standard of Review

A district court's dismissal of a suit under Fed. R. Civ. P. 12(b)(6) is reviewed *de novo* by the Court of Appeals. *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F. 3d 399, 407 (2016). "The motion to dismiss tests only the facial sufficiency of the complaint." *Amick v. Ohio Dept. of Rehab. & Correction*, 521 Fed. Appx. 354, 362 (6th Cir. 2013). Reversal of the dismissal merely allows proceedings to continue. *Id*. "At this stage, it is enough that the factual allegations 'raise the right to relief above the speculative level.'" *Id*., citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Court observed in Twombly, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id*. at 556.

### B. Stay of the Federal Contractor Mandate

Executive Order 14042 was stayed, first in Ohio, Tennessee, and Kentucky, and then nationwide. See *Kentucky v. Biden*, 571 F. Supp. 3d 715 (E.D. Ky. 2021); *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1355 (S.D. Ga. 2021), respectively. The Southern District of Georgia opined that Executive Order 14042 does indeed "force" federal contractors to comply with the mandate. *Id*., at 1356 (stating, "[D]eclining to issue a preliminary injunction would force Plaintiffs to comply with the mandate, requiring them to make decisions which would significantly alter their ability to perform federal contract work which is critical to their operations."). It appears this Court may have expressed a similar opinion that it is indeed the Order, not the federal contractors, that is compelling the companies to implement vaccination mandates. Mere weeks after this case was filed, in denying the Government's request for a stay of the injunction, this Court asked, "if the President can order medical interventions in the name of reducing absenteeism, what is the logical stopping point of that power?" *Kentucky v. Biden*, 23 F.4th 585, 608 (6th Cir. 2022), discussing the Order's overreach.

## C. Assignments of Error

### 1.    Assignment of Error I: The District Court Erred in Finding Employees Failed to Sufficiently Allege Defendant was a State Actor.

"The District Court's sole task in a Fed. R. Civ. P. 12(b)(6) analysis is determining whether it appears beyond doubt that Appellants can prove no set of

facts in support of their claim which would entitle them to relief." *Doe v. Steubenville Police Dept.*, 2:16-CV-625, 2017 WL 1551221, at *6 (S.D. Ohio May 1, 2017). At the pleading stage, Employees are required only to plausibly allege Defendant is a government actor. See, for example, *Trump v. Twitter Inc.*, 21-CV-08378-JD, 2022 WL 1443233, at *2 (N.D. Cal. May 6, 2022).

The Sixth Circuit recognizes four tests to determine whether a private party's conduct is attributable to the state: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test. *Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co., Inc.*, 780 F. App'x 197, 204 (6th Cir. 2019). The state compulsion test requires the state exercise such coercive power or provide such significant encouragement, overt or covert, that in law the choice of the private actor is deemed that of the state. *Id.*, at 204. Private action may count as state action under discrete circumstances, such as when the State exercises "coercive power" over the private entity, the State provides "significant encouragement, either overt or covert" to the private entity, or the private actor operates as a "willful participant in joint activity with the State or its agents." *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018), citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001).

"[T]he standards utilized to find federal action for purposes of the [U.S. Constitution] are identical to those employed to detect state action subject to the strictures of the Fourteenth Amendment." *Geneva Towers v. Federated Mortgage*, 504 F.2d 483, 487 (9th Cir. 1974). "[Federal] action may be found if, and only if, there is such a 'close nexus' between the [federal government] and the challenged action' that seemingly private behavior 'may be fairly treated as that of the [federal government] itself." *Brentwood Academy,* supra at 295.

"What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. From the range of circumstances that could point toward the [federal government] behind an individual face, no one fact can function as a necessary condition across the board for finding [federal] action…" *Id.* at 295. The assessment of fair attribution is a "'necessarily fact-bound inquiry.'" *Id*. at 298, citing *Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 939 (1982).

*Lugar* held that fair attribution is determined by a two-part test: 1) a deprivation of rights by, among other things, a rule of conduct imposed by the [federal government] and 2) the party charged with the deprivation being a person who may fairly be said to be a [federal] actor. *Id.* at 937. *Lugar* cited various tests for determining what was fair attribution as ways of characterizing "the necessary fact-bound inquiry." *Id*. at 939, citing *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722 (1961) ("Only by sifting facts and weighing circumstances can the

nonobvious involvement of the [federal government] in private conduct be attributed its true significance.").

In *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), for example, the United States Supreme Court found a restaurant owner could be a state actor for purposes of a civil rights action against the owner for refusing to serve a white woman in the company of African Americans due to the local custom demanding segregation. *Id*., at 170-71. *Adickes* focused on state compulsion, and in so doing stated "[f]or state action purposes it makes no difference of course whether the racially discriminatory act by the private party is compelled by a statutory provision or by a custom having the force of law—in either case it is the State that has commanded the result by its law." *Id*. While *Adickes* focused on racial discrimination under the Fourteenth Amendment, its principles apply equally to a First Amendment claim alleging violation of the right to freely exercise religion. The *Adickes* Court continued, the state may not discriminate on the basis of a protected status "by direct action or through the medium of others who are under State compulsion to do so." *Id*.

Notwithstanding the analysis of when private action may be fairly attributable to the state, at the pleading stage Employees were required only to plausibly allege Smucker was a state actor, or was compelled by the state to implement the vaccination requirement. See *Trump v. Twitter Inc.*, *supra*. The District Court narrowly focused on a portion of Employees' pleading. See Opinion, R. 21, PageID

17

# 191, citing only that portion of the Complaint stating Smucker "acted pursuant to 'policies, practices, customs, and procedures created, adopted, and enforced under color of federal law.'" The District Court further stated, "Plaintiffs do not allege that Defendant was compelled to implement the vaccination mandate." Id. This finding, however, does not follow from the pleadings. In Paragraph 8 of the Complaint, Employees allege "[T]he policy was occasioned by the mandates of the Federal Government and the implicit threats that underly those mandates. Thus, the Federal Government's mandates provide such significant encouragement that Defendants' actions regarding the Covid-19 injection mandates and exemptions are deemed in law to be that of the government." Complaint, R. 1, PageID # 3. In the following Paragraph Employees point to and incorporate the Mark Smucker Letter in which Smucker admitted its vaccination "expectation" was changed to a mandatory condition of employment due to the Government's requirement that all federal contractors impose a mandate. Id.; Ex. 2, R. 1-2, PageID # 24-25.

The level of pleading in the Complaint passes the threshold of plausibility and warrants the opportunity for Employees to conduct a fact-bound inquiry regarding their claims. For this reason, the judgment of the District Court should be reversed and this case remanded for further proceedings.

    **2.**    **Assignment of Error II: The District Court Erred by Applying Improper Standards in its Order Dismissing Employees' Complaint.**

The District Court relied on two nonauthoritative opinions from other District Courts in rendering its decision. Citing *Anderson v. United Airlines, Inc*., No. 3:21-CV-1050-TJC-LLL, 2021 WL 6337144, at *5 (M.D. Fla. Dec. 30, 2021), the District Court stated "[Plaintiffs have] not alleged that [Smucker] is compelled by law to impose its Covid-19 measures." Opinion, R. 21, PageID # 191. In *Anderson*, the Middle District of Florida failed to cite any case supporting this "compelled by law" standard, which seems to suggest only a legislative enactment may satisfy one of the tests to find state action. This notion was dispensed with in *Adickes*, 398 U.S. 144, *supra*, wherein the Court stated, "[f]or state action purposes it makes no difference of course whether the […] discriminatory act by the private party is compelled by a statutory provision or by a custom having the force of law—in either case it is the State that has commanded the result by its law." *Id*., at 170-71. It is plausible that the Executive Order has the "force of law," as the direct consequence of violating the Order is the loss of federal contracts. Employees pled the executive orders at issue compelled Smucker to mandate vaccination as admitted by Mark Smucker in his letter.

The other case relied upon by the District Court was *Beckerich v. St. Elizabeth Med. Ctr.*, No. CV 21-105-DLBEBA, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021),

a slip opinion from the Eastern District of Kentucky denying a motion for reconsideration of a motion for a temporary restraining order. The *Beckerich* court stated:

> Plaintiffs first take issue with the Court's finding that St. Elizabeth is not a state actor for purposes of analyzing their constitutional claims, pointing to President Biden's recent directive that all businesses with 100 or more employees must have a vaccine mandate, as well as the large amount of PPP and Cares Act funds St. Elizabeth has received in federal funding. "The fact that the executive branch has made a statement that certain companies must implement a vaccine mandate in exchange for receipt of federal reimbursement dollars doesn't convert [a private entity] into a state actor. Nor does the receipt of government funding."
>
> *Id.*, at 1; Opinion, R. 21, PageID # 191.

*Beckerich* is distinguishable because the plaintiffs did not allege state action due to the federal contractor mandate. Second, the *Beckerich* opinion cited by the District Court does not involve a motion to dismiss, nor does the decision underlying it, but dealt only with a motion for a temporary restraining order and/or injunction, as well as a motion for reconsideration. See *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F. Supp. 3d 633, 638 (E.D. Ky. 2021), *reconsideration denied,* CV 21-105-DLB-EBA, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021). The level of analysis underlying a motion for a temporary restraining order is much deeper than the analysis of a motion to dismiss, which tests only the facial sufficiency of the complaint. *Amick*, 521 Fed. Appx. at 362, *supra*. Thus, it was improper for the District Court to rely upon *Beckerich* to inform its judgment due to the differing standards.

In *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1355 (S.D. Ga. 2021), in imposing a nationwide injunction on the federal contractor mandate, the Southern District of Georgia stated, "declining to issue a preliminary injunction would force Plaintiffs to comply with the mandate, requiring them to make decisions which would significantly alter their ability to perform federal contract work which is critical to their operations." The situation is the same here; Smucker, as a federal contractor, obtains substantial funding from the federal government via its contracts with the federal government. Any threat of losing that money will sufficiently compel compliance from federal contractors such as Smucker. Further, in *Kentucky v. Biden*, 571 F. Supp. 3d 715 (E.D. Ky. 2021), this Court asked, "if the President can order medical interventions in the name of reducing absenteeism, what is the logical stopping point of that power?" *Kentucky v. Biden*, 23 F.4th 585, 608 (6th Cir. 2022), discussing the Order's overreach.

The driving force behind the "private action" here is the federal government, as acknowledged by this Court and others. Since the only cases cited for substantive support of the District Court's order are the two discussed in this section, and since this Court and the Southern District of Georgia hold a different view than the District Court, the lower court erred in analyzing Employees' Complaint, and applied improper standards in its analysis.

## **CONCLUSION**

Due to the District Court's conclusory dismissal that does not follow from the depth of pleading, this Court should reverse the District Court's order of dismissal and remand this case for further proceedings consistent with this Court's opinion.

Respectfully submitted,

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com

*Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF COMPLIANCE**

Under 6th Cir. R. 32(a), I, Warner Mendenhall, certify that the brief of the Relator complies with the 13,000-word type-volume limitation in Fed. R. App. P. 32(a)(7) and 6th Cir. R. 32(a)(7)(B).

/s/ Warner Mendenhall
Warner Mendenhall (0070165)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 10, 2022, the foregoing was electronically filed using the Court's electronic filing system, which sends notification to all counsel of record.

/s/ Warner Mendenhall
Warner Mendenhall (0070165)

# ADDENDUM
# DESIGNATION OF RELEVANT DOCUMENTS

Under Sixth Circuit Rule 30(g)(1), Employees designate the following

filings in the District Court's record as documents relevant to this appeal:

| Record Entry Number | Description of Document | Date |
|---|---|---|
| **R. 1** | Complaint | December 15, 2021 |
| **R. 14** | Defendant's Motion to Dismiss | December 20, 2021 |
| **R. 18** | Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss | January 19, 2022 |
| **R. 19** | Defendant's Reply in Support of Motion to Dismiss | February 2, 2022 |
| **R. 21** | Memorandum of Opinion and Order | April 20, 2022 |
| **R. 22** | Judgment Entry | April 20, 2022 |