CASE NO. 22-3462

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

DAVID CIRACI, *et al*.
Plaintiffs-Appellants
v.
J.M. Smucker Company
Defendant-Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---

## REPLY BRIEF OF DAVID A. CIRACI, CARLA GROSJEAN,
## ANDY S. RUEGG, MEGAN L. MORR, AND JOSEPH M. ADAMS
## PLAINTIFFS-APPELLANTS

---

Warner Mendenhall. 0070165
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com

*Counsel for Plaintiffs-Appellants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................3

SUMMARY OF ARGUMENT .................................................................4

ARGUMENT ...........................................................................................5

I.    The District Court Erred in Finding Employees Failed to Sufficiently
Allege Defendant was a State Actor; Whether Smucker's Behavior is
Fairly Attributable to the Government is a Fact-Bound Inquiry;
Smucker's Attempt to Allege Facts in its Appellee Brief Admits
Discovery is Warranted. .......................................................................5

CONCLUSION .......................................................................................11

CERTIFICATE OF COMPLIANCE .......................................................13

CERTIFICATE OF SERVICE ...............................................................13

# TABLE OF AUTHORITIES

## Cases

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)................................................6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................5

*Blum v. Yaretsky*, 457 U.S. 991 (1982)......................................................... 6, 7, 10

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
   531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) .................................9

*Burton v. Wilmington Parking Authority,* 365 U.S. 715 (1961) ...............................9

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) ....................................9, 10

*U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301
   (11th Cir. 2002) ..........................................................................................6

## Rules

Fed. R. Civ. P. 8 ........................................................................................................8

Fed. R. Civ. P. 9(b) ...................................................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................................................8, 11

## <u>SUMMARY OF ARGUMENT</u>

I.     **The District Court Erred in Finding Employees Failed to Sufficiently Allege Defendant was a State Actor; Whether Smucker's Behavior is Fairly Attributable to the Government is a Fact-Bound Inquiry; Smucker's Attempt to Allege Facts in its Appellee Brief Admits Discovery is Warranted.**

Smucker's briefing tacitly admits two key points: (1) Smucker is sufficiently on notice of the claims against it; and (2) factual issues reasonably inferred in favor of Employees preclude the grant of Smucker's motion to dismiss.

First, Smucker is obviously aware that Employees attempt to deem Smucker a state actor and hold Smucker responsible for violating their First Amendment right to freely exercise their religion under compulsion of the government. Employees are required at the pleading stage to put Smucker on notice of their claims and to allege facts that plausibly state a claim the claim for relief. In ruling on a motion to dismiss, all reasonable inferences must be drawn in favor of the nonmoving party. Smucker's vaccine mandate was compelled by the federal government. Smucker's argument that it was Smucker's intention all along to mandate vaccination (an improper factual assertion) is severely undercut by Mark Smucker's insistence on distinguishing Smucker's previous vaccination **expectation** from the later-imposed mandate in conformity with Task Force guidance. The allegations in the Complaint put Smucker on notice of the claim against it and plausibly allege state compulsion.

Second, the further question remains whether Smucker's behavior in terminating Employees is fairly attributable to the government, a necessarily fact bound inquiry inappropriate to determine in ruling on a motion to dismiss. Smucker's multiple attempts to insert factual allegations into their briefing prove the necessity to engage in this fact-bound inquiry through discovery. See Doc. 22, Page 20, Page 22, twice attempting to assert factually that the federal government, or "Biden Administration," had no part in denying Employees' accommodation requests and ultimately in terminating Employees. While these factual allegations cannot be considered in reviewing the judgment of the District Court nor the Complaint, Smucker's attempt to assert these facts admits discovery is necessary and that it was improper to dismiss the Complaint.

## ARGUMENT

I.    **The District Court Erred in Finding Employees Failed to Sufficiently Allege Defendant was a State Actor; Whether Smucker's Behavior is Fairly Attributable to the Government is a Fact-Bound Inquiry; Smucker's Attempt to Allege Facts in its Appellee Brief Admits Discovery is Warranted.**

Employees are required at the pleading stage to plausibly allege Smucker is a state actor. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Smucker attempts to heighten the pleading standard by arguing "Plaintiffs have failed to show state action." Doc. 22, Page 22. There is no heightened pleading standard applied to claims premised upon finding a private company responsible as a state actor. Further,

5

even when heightened pleading standards are applied under Fed. R. Civ. P. 9(b), at the pleading stage "a plaintiff is not expected to actually prove his allegations." *U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002). Smucker fails in its attempt to heighten the pleading standard to one of proof. The question of fair attribution, or whether Smucker's behavior can be fairly attributed to that of the state, is a fact-bound inquiry. Smucker's multiple attempts in its briefing to explain Mark Smucker's true intentions and to assert no government involvement in Smucker's decisions prove there are issues of fact that would likely preclude summary judgment, let alone a motion to dismiss.

In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court stated, "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*., at 1004, citing, *inter alia*, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970). The issue in *Blum* was whether the state could be held liable for the actions of a private party. The issue here is the inverse, as recognized in *Blum*, citing *Adickes*, supra. *Blum* acknowledged, "This case is obviously different from those cases in which the defendant is a private party and the question is whether his conduct has sufficiently received the imprimatur of the State so as to make it "state" action for purposes of the Fourteenth Amendment." *Blum*, supra, citing *Adickes* v. S. H. Kress & Co.,

supra. *Blum* supports Employees' position. Further, *Blum*'s citation to and discussion of *Adickes* contradicts Smucker's attempt to distinguish *Adickes*.

Since there is no properly considered assertion of fact contrary to the allegation that the vaccine mandate was compelled by the Executive Order and Task Force guidance – and considering Mark Smucker's admission of the same – the question becomes whether Employees' firing due to the mandate is fairly attributable to the government. See Complaint, R. 1, PageID # 3; Ex. 2, R. 1-2, PageID # 24-25; Ex. 1, R. 1-1, PageID # 22-23. Exhibit 1 to the Complaint is the September 10, 2021 letter from Mark Smucker sent before the mandate letter attached as Complaint Exhibit 2 (called the "Mark Smucker Letter" in Appellant's Brief). In the September 10 letter Mark Smucker states, "While the immediate phase in front of us is a vaccine expectation, and not a mandate, we want to be clear that a mandate is on the horizon. This is necessary as we comply with federal requirements and act in support of our people and business." The "Mark Smucker Letter" was then issued October 10, 2021, stating that federal regulations required Smucker to mandate vaccination. Thus, Mark Smucker twice asserted the difference between Smucker's expectation and willingness to work with Employees, and the ensuing mandate and firings which resulted from Task Force guidance. The motivation behind the Employees' termination is a fact-bound inquiry that cannot be determined on the face of the Complaint alone. Smucker is on notice this is where the factual inquiry is headed,

7

and any claim Smucker is not on notice of the claim for purposes of Fed. R. Civ. P. 8 contradicts Smucker's briefing. Employees alleged enough factual information to draw the reasonable inference that Employees' termination was compelled by the federal government.

Smucker admits Employees stated "two allegations that hint at government compulsion here." Doc. 22, Page 19. While Smucker apparently forgets the second, perhaps Smucker refers to the Mark Smucker Letter in which Mark Smucker admits that Smucker's vaccination "expectation" was changed to a mandatory condition of employment due to the federal government's orders. Complaint, R. 1, PageID # 3; Ex. 2, R. 1-2, PageID # 24-25. This is a plausible allegation of state compulsion – it is Smucker's own words. Smucker's attempt to place intention behind the letter, asserting "the vaccine policy was motivated by the expectations of Smucker's customers and Smucker's own judgment," while improper to assert in appellate briefing, reveals a further factual issue demonstrating why it was improper to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Doc. 22, Page 10.

Smucker's decision to terminate Employees is fairly attributable to the state because, prior to Task Force guidance, vaccination was merely an expectation at Smucker rather than a mandate or condition of continued employment. It is reasonable to infer Employees would not have been terminated for failure to comply with an expectation. Thus, the mandate, which was implemented due to Task Force

guidance, as admitted by Mark Smucker, is what led to Employees' termination. Smucker's actions between implementing the Mandate and firing Employees are fairly attributable to the government. This must be presumed at the pleading stage as all reasonable inferences must be drawn in the favor of the nonmoving party.

"What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. From the range of circumstances that could point toward the [federal government] behind an individual face, no one fact can function as a necessary condition across the board for finding [federal] action…" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, L.Ed.2d 807 (2001). The assessment of fair attribution is a "'necessarily fact-bound inquiry.'" *Id*. at 298, citing *Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 939 (1982).

*Lugar* held that fair attribution is determined by a two-part test: 1) a deprivation of rights by, among other things, a rule of conduct imposed by the [federal government] and 2) the party charged with the deprivation being a person who may fairly be said to be a [federal] actor. See *Lugar*, 457 U.S. at 937. *Lugar* cited various tests for determining fair attribution as ways of characterizing "the necessary fact-bound inquiry." *Id*. at 939, citing *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722 (1961) ("Only by sifting facts and weighing

circumstances can the nonobvious involvement of the [federal government] in private conduct be attributed its true significance.").

Employees plausibly alleged that Smucker's shift from a vaccine expectation to a mandate was due to the federal government, which is enough to create state action. The question is whether Smucker can be held liable for the deprivation of Employees' rights, or whether the federal government's coercive power or significant encouragement, "overt or covert," is enough for Smucker to "fairly be said to be a federal actor" in firing Employees for their religious objections to the vaccine. See *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

The question is not, as Smucker asserts, whether the Biden Administration had a direct role in Smucker's decision to deny each Employee's accommodation requests and to terminate Employees – if this were the case there would be no question of fair attribution as this would be direct state action and no test need be applied. See Doc. 22, Page 20, arguing "the Biden Administration had no part in Plaintiffs' termination"; see also Doc. 22, Page 22, arguing "Plaintiffs do not (and cannot) allege that the Biden Administration had anything to do with Smucker's decision to deny each Plaintiff's request for a religious exemption or to eventually terminate each Plaintiff under the vaccination policy." While this argument misses

the point, it reinforces that fair attribution raises a fact-bound inquiry as Smucker is compelled to improperly insert factual allegations into its briefing.

Smucker offers *Crowder v. Conlan*, 740 F.2d 447 (6th Cir. 1984) to illustrate a case where this Court found no state action, but *Crowder* was decided on summary judgment. *Id*., at 448. Smucker's attempts to argue that Mark Smucker was going to implement the vaccination requirement for other reasons, and that the federal government was not involved with the decision to deny accommodations and terminate Employees, shows factual issues which require discovery to resolve, and cut against any allegation Smucker was not on notice of the claims against it. Employees asserted enough factual information to put Smucker on notice of the claims against it, and plausibly alleged state action. Thus, this case should be permitted to proceed to discovery.

## **CONCLUSION**

There is no doubt Smucker is on notice of the claims against it and that Smucker's vaccine mandate was implemented due to the federal government's actions. Smucker's motivation behind the subsequent termination of Employees is a fact-bound inquiry which cannot be determined in a Fed. R. Civ. P. 12(b)(6) motion as Smucker has not properly asserted any facts at this stage. Thus, Employees' allegations must be accepted as true with all reasonable inferences drawn in Employees' favor. It is reasonable to infer from the face of the Complaint that

Smucker could be found to be a state actor for First Amendment purposes. Thus, it was improper for the District Court to dismiss the Complaint at this early stage.

This Court should reverse the District Court's order of dismissal and remand this case for further proceedings consistent with this Court's opinion.

Respectfully submitted,

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com

*Counsel for Plaintiffs-Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Under 6th Cir. R. 32(a), I, Warner Mendenhall, certify that the brief of the Relator complies with the 6,500-word type-volume limitation in Fed. R. App. P. 32(a)(7) and 6th Cir. R. 32(a)(7)(B).

/s/ Warner Mendenhall
Warner Mendenhall (0070165)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October, 7, 2022, the foregoing was electronically filed using the Court's electronic filing system, which sends notification to all counsel of record.

/s/ Warner Mendenhall
Warner Mendenhall (0070165)